In March 2006, the State of Alabama, acting through the Department of Human Resources and on behalf of Tracie Crowe Williams, filed a complaint seeking the termination of the child-support obligation of Timothy Lorenzo Crowe ("the father") and seeking the establishment of a child-support arrearage and an award of interest on that arrearage. The trial court terminated the father's child-support obligation; determined the father's arrearage, after the application of credits based on the child's having lived with the father since 1995, to be $0; and assessed interest in the amount of $7,871.95; however, the trial court then rebated the amount of interest owed. After the denial of its postjudgment motion, the State appealed. On appeal, the State argues that the trial court erred in rebating the interest.
As the State argues, a trial court cannot "waive" interest due on a child-support arrearage. State Dep't of Human Res. v.R.L.R., 743 So.2d 495, 499 (Ala.Civ.App. 1999). However, a trial court may, pursuant to statute, rebate the amount of interest due on a child-support arrearage in certain circumstances. See Ala. Code 1975, § 30-3-6.1. Section 30-3-6.1 states, in pertinent part:
 "(a) Notwithstanding any other provision of law regarding post-judgment interest, the parent responsible for making child support payments who has been delinquent in making the payments may petition the court that entered the order for child support or the appropriate court pursuant to Sections 30-3A-101
to 30-3A-906, inclusive, for a rebate of interest when any of the following conditions have been met:
 "(1) The parent has paid the past due amount and has paid the current child support payments for 12 months before petitioning the court.
 "(2) The parent has entered into a repayment agreement, has made all payments on the agreement for at least 12 months, and has paid the current child support payments for 12 months before petitioning the court.
 "(b) Before a court may order a rebate of interest, each party to whom interest is owed must agree in writing to the rebate of interest and the amount of interest rebated. A court of competent jurisdiction may reinstate the interest rebated upon a subsequent finding of contempt of court for failure to pay child support." *Page 52 
Although the State concedes that the father met the requirements of subsection (a)(1), it argues that the father failed to meet the requirements of subsection (b) in that neither the mother, Trade Crowe Williams, nor the State agreed to the rebate of interest in writing. Because of that failure, the State argues, the trial court was without authority to order the rebate. We agree. Accordingly, we reverse the trial court's judgment insofar as it rebated the $7*871.95 in interest owed by the father and remand the cause for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, J., concur.
BRYAN, J., concurs specially, with writing, which MOORE, J., joins.